# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Paulette M. Branch, | : | Case No. 4:07CV2609 |
| Plaintiff | : | Judge Kathleen O'Malley |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

Although the administrative record in this action brought under 42 U.S.C. §405(g) seeking judicial review of the defendant's final determination denying plaintiff's claim for disability insurance benefits, 42 U.S.C. §§416(i), 423, is quite voluminous, the issues raised on this appeal are rather narrow.

The application which underlies this proceeding was filed on June 2, 2004, and alleged an onset date of disability of January 1, 2003.[1] In a Disability Report - Adult the plaintiff answered the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries, or conditions limit your ability to work?" by stating "Back" and "Have to lie down the majority of the day because my back hurts all of the time, light duty was done but the

---

[1]The plaintiff had previously been awarded a closed period of disability covering the period April 24, 2001 to October 24, 2002.

twisting, turning and bending cause so much pain."[2]

Upon denial of plaintiff's claim on the state agency level hearing de novo before an Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff was represented by counsel, was held on December 18, 2006. Also testifying at that proceeding was a vocational expert, Ms. Deborah Lee.

At that hearing the plaintiff primarily ascribed her alleged inability to work to intractable low back pain, which had increased in severity since her work-related injury in 2001. She also maintained that she had undergone a personality change, which she attributed to her pain.

In his decision, entered February 21, 2007, the ALJ found that the plaintiff's extreme pain complaints were not fully credible. Of importance to this appeal is the ALJ's assessment of a consultative psychological examination performed upon referral of the Social Security authorities in April 2006. He stated:

> . . .the claimant underwent a consultative psychological evaluation at the request of the Administration on April 27, 2006. The examiner was Dr. Palumbo. His diagnoses of the claimant were Major Depressive Disorder and Pain Disorder (Ex. B11F). He found the claimant friendly and cooperative, with adequate concentration and attention. The record shows no psychiatric hospitalizations. The record is empty of any criminal behaviors. The claimant's depression is secondary to her pain, and the pain, itself, had no medical basis to the extent she alleges (Exs. B5F and B11F).
>
> Based upon Dr. Palumbo's opinion, I have limited the claimant to low stress work without intense interactions with others. I have considered her mental impairments under Sections 12.04 and 12.07 of the Listing of Impairments. Applying the "B" criteria, I find that she has mild restrictions of her daily living due to any mental impairment. Most of her self imposed restrictions are secondary to her pain. She has moderate restrictions maintaining social functioning and moderate

---

[2]The plaintiff maintained that her back problem was the result of an injury she sustained while employed at the Post Office. It appears that a federal workers' compensation claim she filed related to that same alleged incident was denied. See, R. 348.

2

>   difficulties in maintaining concentration. She has a boyfriend, and Dr. Palumbo found her concentration and attention adequate. Again, her difficulties in concentration are secondary to her alleged degree of pain, which is not supported by the medical evidence. Finally, there are no episodes of decompensation.

The headings of the ALJ's "Findings of Fact and Conclusions of Law" were:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2.  The claimant has not engaged in substantial gainful activity since January 1, 2003, the alleged onset date.

3.  The claimant has the following severe impairments: Degenerative Disc Disease of the Lumbar Spine; Major Depressive Disorder; and Pain Disorder with Psychological Factors.

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and carry a maximum of 10 pounds occasionally and lesser weights more frequently; sit 6 hours per workday and stand and walk a total of 2 hours; push and pull within the 10 pound weight limitation; perform simple, routine work with no high production quotas or piece work; she is limited to superficial interaction with co-workers and the public, without negotiation or confrontation.

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was born on July 18, 1960 and was 43 years old, which is defined as a younger individual age 18-44, on the earliest onset date available to her.

8.  The claimant has at least a high school education and is able to communicate in English.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

>    10. Considering the claimant's age, education, work experience, and residual capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
>    11. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

The ALJ's decision stands as the defendant's final determination consequent to denial of review by the Appeals Council entered July 20, 2007.

On this appeal the plaintiff does not challenge the ALJ's holding pertaining to her exertional capabilities and/or his rejection of her extreme subjective pain complaints. Rather, the two issues raised focus upon aspects of the testimony of Ms. Lee, the vocational expert. It is first argued that the number of jobs which Ms. Lee testified would be available to a person of the plaintiff's personal/vocational profile with a residual functional capacity as found by the ALJ do not represent jobs which exist in "significant numbers."

While this Court recognizes that the number of jobs identified by the witness were limited, particularly in this geographic area, the controlling standard on this issue is whether a claimant can perform substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which the claimant lives. 42 U.S.C. §423(d)(2)(A). The holdings of the Sixth Circuit in <u>Martin v. Commissioner of Social Security</u>, 2006 Fed. Appx. 162N (6th Cir. 2006), and <u>Weaver v. Secretary of Health and Human Services</u>, 1994 WL419627 (6th Cir. 1994), foreclose this argument. <u>See</u> <u>also</u>, <u>Trimiar v. Sullivan</u>, 996 F.2d 1326, 1330-1332 (10th Cir. 1992); <u>Jenkins v. Bowen</u>, 861 F.2d 1083, 1087 (8th Cir. 1988); <u>Allen v. Bowen</u>, 816 F.2d 600, 602 (11th Cir. 1987).

The other issue raised pertains to the failure of the ALJ and/or (previous) counsel to question Ms. Lee on the subject of contents of the report by the consulting psychologist, Dr. Palumbo, in

4

which he concluded that the plaintiff had moderate to marked limitations in certain areas and in which he assigned the plaintiff a GAF of 45.

There are, in this Court's opinion, three major flaws in this position.

First, Dr. Palumbo stated that the moderate to marked impairments he believed existed were in part due to the plaintiff's pain, being the first factor he mentioned, and the ALJ discounted the credibility of those pain complaints.

Second, the assigned GAF represents a snapshot in time as of the date of examination, and Dr. Palumbo did not assign a GAF over the preceding time period.

Third, it was not incumbent upon the ALJ to pursue such a line of inquiry, and the counsel who represented the plaintiff at the hearing chose not to ask Ms. Lee any questions, foregoing the opportunity to solicit the expert's opinion vis-a-vis Dr. Palumbo's report.

It is recommended that final judgment be entered in defendant's favor affirming the decision below.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: April 30, 2008

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).