**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PAULETTE M. BRANCH,** | : | **Case No. 4:07-CV-2609** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | <u>**OPINION & ORDER**</u> |
| **Defendant.** | : | |

This is an action for judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") denying the application of the Plaintiff, Paulette M. Branch, for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Pursuant to Local Rule 72.2(b), this matter was referred to Magistrate Judge David S. Perelman for preparation of a Report and Recommendation ("R&R"). In his R&R, the Magistrate Judge recommended that the Commissioner's final administrative decision be affirmed, and that final judgment be entered in the Commissioner's favor. (Doc. 14.) Branch has filed a timely objection to the R&R (Doc. 15), and the Commissioner has filed a response to Branch's objection (Doc. 16). For the reasons articulated below, the Court **OVERRULES** Branch's objection, **ADOPTS** the R&R, and **AFFIRMS** the final administrative decision of the Commissioner denying Branch's application.

## I. BACKGROUND

The R&R accurately sets forth the factual and procedural background of this action. (Doc. 14 at 1-4.) In the interest of efficiency, therefore, the Court adopts the R&R's articulation of the relevant factual and procedural background and provides only the following summary and augmentation of the facts.

Branch filed her DIB application on June 2, 2004, alleging that she was disabled under Title II of the Social Security Act as of her alleged onset date of January 1, 2003 due to limitations related to a back impairment.[1] In late 2004 and early 2005, Branch's application was denied initially and upon reconsideration at the state agency level. In February 2005, Branch requested a de novo hearing before an ALJ. On December 18, 2006, ALJ Mark M. Carissimi conducted an evidentiary hearing. At the hearing, the ALJ solicited testimony from Branch, who was then represented by attorney Matthew Bins-Castronovo, and a vocational expert ("VE"), Deborah A. Lee. On February 21, 2007, the ALJ issued a decision unfavorable to Branch. In short, the ALJ concluded at step five of the five-step sequential analysis set out in the Social Security regulations that, based on the testimony of the VE, Branch could perform a significant number of jobs in the national economy despite the limitations caused by her impairments, and that she was therefore not under a "disability" as defined by the Social Security Act. On July 20, 2007, the Appeals Council denied Branch's request for review of ALJ Carissimi's decision, thereby rendering the ALJ's decision the final administrative decision of the Commissioner.

---

[1] Previously, Branch had filed an application for DIB in September 2001, alleging disability since April 2001. In a decision issued by an Administrative Law Judge ("ALJ") on December 22, 2003, she was awarded benefits based on a closed period of disability covering the period of April 24, 2001 through October 24, 2002.

On August 28, 2007, Branch, now represented by attorney John A. McNally, III, sought this judicial review of the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). (Doc. 1.) As noted, Branch's action was referred to Magistrate Judge Perelman for preparation of a R&R, and the Magistrate Judge's R&R recommended that the Commissioner's decision be affirmed, and that final judgment be entered in the Commissioner's favor. (Doc. 14.) Specifically, in his R&R, the Magistrate Judge resolved the two narrow issues that were raised by Branch in this action, both of which related to aspects of the VE's testimony at the evidentiary hearing before ALJ Carissimi. (*Id.* at 4-5.) First, contrary to Branch's unsupported contention, the Magistrate Judge determined that the VE's testimony regarding the number of jobs available to a hypothetical person of Branch's "personal/vocational profile with a residual functioning capacity as found by the ALJ" did constitute a "significant number" of jobs that existed in the economy in which Branch could perform. (*Id.* at 4.) Second, again contrary to Branch's unsupported contention, the Magistrate Judge determined that the ALJ was not required to include in his hypothetical question to the VE that the consulting psychologist, Dr. Stanley J. Palumbo, had reported that Branch had "moderate to marked" impairments in certain areas and had assigned Branch a Global Assessment of Functioning ("GAF") score of 45. (*Id.* at 4-5.)

On May 7, 2008, Branch filed a timely objection to the Magistrate Judge's R&R. (Doc. 15.) Branch objected only to the second issue resolved by the Magistrate Judge in his R&R – namely, that the ALJ should have questioned the VE about Dr. Palumbo's report. (*Id.*) On May 27, 2008, the Commissioner filed a response to Branch's objection, arguing that the Court should adopt the R&R, because: (1) Branch's objection should be considered waived, because it was perfunctory and unsupported by any authority; and (2) in any event, Branch's objection was contrary to applicable law. (Doc. 16.)

## II.     STANDARD OF REVIEW

In cases that are referred to a magistrate judge for preparation of a R&R, the Federal Magistrate Act requires that a district court conduct a de novo review only of those portions of a R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action, however, is not de novo. Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence. *Id.* To determine whether substantial evidence exists to support the ALJ's decision, a district court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Further, a district court must not focus, or base its decision, on a single piece of evidence. Instead, a court must consider the totality of the evidence on record. *See Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

In fact, if there is conflicting evidence, a district court generally will defer to the ALJ's findings of fact. The Sixth Circuit instructs that, "[t]he substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a *zone of choice*

within which the decision maker can go either way without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)) (emphasis added).  Accordingly, an ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Nevertheless, even if an ALJ's decision is supported by substantial evidence, that decision will not be upheld where the Commissioner "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III. DISCUSSION

As highlighted above, Branch raised only two issues before the Magistrate Judge and then objected only to the portion of the R&R in which the Magistrate Judge resolved the second issue in favor of the Commissioner.  Below, the Court briefly addresses each issue and explains why the Commissioner should prevail.

#### A. SIGNIFICANT NUMBER OF JOBS

Before the Magistrate Judge, Branch first argued that the VE did not identify a significant number of jobs that Branch could perform despite the limitations caused by her impairments. Without citing any authority or support for her position, Branch claimed that the VE's testimony – which identified as consistent with the ALJ's hypothetical question a total of 850 jobs in the region of Northeast Ohio; 3,300 jobs in the state of Ohio; and 64,280 jobs in the national economy – did not constitute a significant number of jobs to satisfy the Commissioner's burden of demonstrating that other work exists in the national economy that accommodates Branch's residual functional

capacity and vocational factors.

The Court initially notes that because Branch failed to object to the Magistrate Judge's finding that the VE's testimony regarding the number of jobs available did constitute a significant number, the Court could adopt that portion of the R&R without review. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Hendrix v. Comm'r of Soc. Sec.*, No. 97-3637, 1998 U.S. App. LEXIS 30011, at *10 n.2 (6th Cir. Nov. 19, 1998); *Crum v. Sullivan*, 921 F.2d 642, 645 n.1 (6th Cir. 1990); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The Court, nonetheless, has reviewed this portion of the R&R and the applicable law and agrees with the Magistrate Judge's ultimate determination. *See* 42 U.S.C. § 423(d)(2)(A); *Martin v. Comm'r of Soc. Sec.*, 170 Fed. Appx. 369, 375 (6th Cir. 2006); *Weaver v. Sec'y of Health & Human Servs.*, No. 94-5060, 1994 U.S. App. LEXIS 21608, at *3 (6th Cir. Aug. 10, 1994); *Stewart v. Sullivan*, No. 89-6242, 1990 U.S. App. LEXIS 9183, at *7-10 (6th Cir. June 6, 1990); *Cummings v. Massanari*, No. 5:99-CV-3110, 2001 U.S. Dist. LEXIS 25979, at *6-8 (N.D. Ohio May 22, 2001); *see also Trimiar v. Sullivan*, 966 F.2d 1326, 1330-32 (10th Cir. 1992); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987).

### B. QUESTIONING THE VE ABOUT DR. PALUMBO'S REPORT

Branch also argued before the Magistrate Judge that the ALJ should have included in his hypothetical question to the VE two aspects of Dr. Palumbo's report, namely, that Branch had "moderate to marked" impairments in certain areas and had been assigned a GAF score of 45. However, this argument, like Branch's first argument regarding whether the VE's testimony

identified a significant number of jobs, was entirely unsupported.[2]  Moreover, while Branch did object to the Magistrate Judge's finding that the ALJ was not required to question the VE about Dr. Palumbo's report, Branch failed to cite any authority or support for her position in the objection as well.

Accordingly, in light of the above, the Court concludes that Branch's argument in her objection regarding whether the ALJ should have asked the VE about Dr. Palumbo's report is deemed waived, because she failed to develop her argument.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); *see also Kennedy v. Comm'r of Soc. Sec.*, 87 Fed. Appx. 464, 466 (6th Cir. 2003) ("As [the claimant] failed to provide any explanation as to why she feels that her surgeries meet or equal listing 1.13 of Appendix 1, the argument is deemed waived."); *cf. Rice v. Comm'r of Soc. Sec.*, 169 Fed. Appx. 452, 454 (6th Cir. 2006) (reaching the merits of the claimant's positions, but noting that waiver would be appropriate, because the claimant offered contentions "without elaboration or legal

---

[2]  In fact, Branch's entire argument before the Magistrate Judge consisted of the following passage:

> Neither the ALJ, nor previous counsel, questioned the VE about the "moderate to marked" (R. 489) impairments; in addition, neither questioned the VE about the claimant's GAF of 45 (R. 490).
>
> Attached is the GAF Scale (Exhibit A), which would define a GAF of 45 as:
>
> 41-50 **Serious symptoms** (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) **OR any serious impairment in social, occupational, or school functioning** (e.g., no friends, unable to keep a job).

(Doc. 12 at 6 (emphasis in original).)

argument, failing even to hint at their legal significance or virtue").

In any event, the Court also concludes that Branch's argument is not well-taken even upon a de novo review of the record, as the Court agrees with the Magistrate Judge's ultimate determination that the ALJ was not required to reference Dr. Palumbo's report in his hypothetical to the VE. First, while a hypothetical question posed to a VE must incorporate all of a claimant's physical and mental limitations, it is well established that the hypothetical need only incorporate the "limitations which the ALJ has accepted as credible." *Infantado v. Astrue*, 263 Fed. Appx. 469, 476-77 (6th Cir. 2008) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) and *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007)). The ALJ has no duty to include a claimant's diagnoses or medical conditions in the hypothetical; instead, the ALJ "must include in the question an accurate calculation of the claimant's residual functional capacity – i.e., 'a description of what the claimant can and cannot do.'" *Cooper v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 450, 453 (6th Cir. 2007) (quoting *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 631 (6th Cir. 2004)). And here, because Branch does not dispute the accuracy of ALJ Carissimi's residual functional capacity calculation and has waived any such challenge, the ALJ's failure to incorporate Dr. Palumbo's report into the hypothetical posed to the VE was not in error. *Accord cf. Infantado*, 263 Fed. Appx. at 476-77 (holding that the ALJ's failure to include a doctor's limitations into the hypothetical questions posed to the VE was not in error, because the court found that the ALJ's decision to give no weight to the doctor's opinion was supported by substantial evidence).[3]

---

[3] The Court also notes that, although he did not specifically reference Dr. Palumbo's report or Branch's GAF score in his hypothetical, ALJ Carissimi did generally acknowledge the limitations discussed in Dr. Palumbo's report by limiting Branch to "low stress work without intense interactions with others" (*see* R. at 16) and including these limitations in the hypothetical posed to the VE (*see* R. at 546-50).

In addition, the Court agrees with the Magistrate Judge's observation that ALJ Carissimi was not under an obligation to question the VE about Dr. Palumbo's report, because Branch was represented by an attorney at the evidentiary hearing (albeit by a different attorney than who now represents her) who had every opportunity to cross-examine the VE, but declined to ask the VE any questions.  *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) ("[C]ounsel may not now complain because he failed to cross examine [the medical expert] when he had an opportunity to do so . . . .").  Indeed, contrary to Branch's unsupported assertion in her objection, because she was represented by counsel, the ALJ did not have an independent or special duty to fully and fairly develop the record.  *See Trandafir v. Comm'r of Soc. Sec.*, 58 Fed. Appx. 113, 115 (6th Cir. 2003) ("Only under special circumstances, i.e., when a claimant is without counsel, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record."); *see also Kidd v. Comm'r of Soc. Sec.*, 283 Fed. Appx. 336, 344-45 (6th Cir. 2008) (rejecting the claimant's contention that the ALJ had a special duty to develop the record, even though the claimant was represented by a non-attorney).

Therefore, in view of all of the foregoing, the Court agrees with the Magistrate Judge and the Commissioner that the ALJ was not required to include in his hypothetical question to the VE that Dr. Palumbo had reported that Branch had "moderate to marked" impairments in certain areas and had assigned Branch a GAF score of 45.

### IV.    CONCLUSION

The Court finds that the ALJ's decision that Branch was not "disabled" as that term is defined by the Social Security Act was reached by applying the correct legal standards and was supported by substantial evidence.  As such, for all of the above reasons, the Court **OVERRULES** Branch's objection, **ADOPTS** the R&R, and **AFFIRMS** the final administrative decision of the

Commissioner denying Branch's application.

**IT IS SO ORDERED.**

|  | **/s/ Kathleen M. O'Malley** |
|---|---|
|  | **KATHLEEN McDONALD O'MALLEY** |
| **Dated: January 15, 2009** | **UNITED STATES DISTRICT JUDGE** |